J. E. BERNARD & Co. *v.* UNITED STATES (No. 3259)[1]

United States Court of Customs and Patent Appeals, January 27, 1930

*Curtis E. Loehle* for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*James R. Ryan*, special attorney, of counsel), for the United States.

[Oral argument December 6, 1929, by Mr. Loehle and Mr. Ryan]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise described by the appraiser as "grease-proof paper articles" in one protest and as "vegetable parchment paper articles"

1 T. D. 43834.

in another protest was assessed for duty by the collector as articles composed wholly or in chief value of vegetable parchment paper at 5 cents per pound and 20 per centum ad valorem under paragraph 1305 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 1305. * * * vegetable parchment paper, * * * all other articles, composed wholly or in chief value of any of the foregoing papers, * * * 5 cents per pound and 20 per centum ad valorem; * * *.

It is claimed by appellant that the merchandise is free of duty as sausage casings under paragraph 1655, which reads as follows:

PAR. 1655. Sausage casings, weasands, intestines, bladders, tendons, and integuments, not specially provided for.

The importer called only one witness, H. A. Funk. He said that the merchandise was imported in long lengths; that after importation it is cut into lengths suitable for use as sausage casings; that it is known as "parchment sausage casings"; that it was not being imported into the United States at or immediately prior to the enactment of the Tariff Act of 1922; that his company had been importing the merchandise since some time in the year 1925; and that, so far as he knew, it was not being imported by others.

It is conceded by counsel for appellant that the merchandise is made of "vegetable parchment paper" and that the "tariff committee may or may not have known about paper sausage casings at the time of the enactment of the present law." Counsel for appellant further said that "We do not claim that the commercial designation is any different from the common understanding of the definition of the words sausage casing."

The court below held that the articles in question were not "ejusdem generis with those mentioned in paragraph 1655." The court also called attention to a decision by the Treasury Department (T. D. 9377), where it was held that paper sausage casings were not free of duty as "sausage-skins" under the Tariff Act of March 3, 1883, and that "since Congress has passed three tariff acts in the meantime without change, each reenacting the same provisions, it must be presumed that it intended to legislate accordingly."

It is contended by counsel for appellant that the term "sausage casings" is sufficiently comprehensive to include all articles of that character, regardless of the materials of which they are made, and that, as the articles in question are sausage casings, although made of parchment paper, they are eo nomine provided for under paragraph 1655, supra.

The term "sausage casings" is defined in Funk & Wagnalls New Standard Dictionary as follows:

Sausage-casing, n. Any of the various forms of cleaned and prepared entrails of cattle, swine, or sheep, used to hold sausage-meat, and named for the part used.

It will be observed that the above definition limits the term "sausage casings" to cleaned and prepared entrails of animals. We have been unable to find any definition of the term which would include sausage casings made of other materials. Obviously, then, as commonly understood, the term "sausage casings" does not include sausage casings made of parchment paper.

In view of the fact that it is conceded that the commercial meaning of the statutory term "sausage casings" is the same as its common meaning, it would seem to be clear that the involved merchandise is not included within that term. This being so, it is unnecessary for us to consider other matters argued by counsel.

For the reasons stated the judgment is *affirmed*.